**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAGOBERTO PUERTO CERRATO; ISIS YASIRI ROMERO PEREZ; KNETH JAFET PUERTO ROMERO; DAYANA ARISBETH PUERTO ROMERO,<br><br>Petitioners,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 24-1342<br><br>Agency Nos.<br>A220-489-955<br>A220-489-956<br>A220-489-957<br>A220-489-958<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 20, 2026[**]
Seattle, Washington

Before: TALLMAN, CLIFTON, and R. NELSON, Circuit Judges.

Petitioners Dagoberto Puerto Cerrato, his wife Isis Yasiri Romero Perez, and

their two children are natives and citizens of Honduras. They petition for review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of the Board of Immigration Appeals' ("BIA") decision dismissing their appeal from the Immigration Judge's ("IJ") denial of their claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Denials of asylum, withholding of removal, and CAT claims are reviewed for substantial evidence, meaning that those denials are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (quoting 8 U.S.C. § 1252(b)(4)(B)). When the BIA relied upon and "expressed agreement with the reasoning of the IJ," as it did here, "this court reviews both the IJ and the BIA's decisions." *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013). We deny the petition.

1.      Substantial evidence supports the BIA and IJ's denial of Petitioners' asylum and withholding of removal claims because Petitioners did not make the showing, necessary to both claims, that their alleged persecution in Honduras was related to their "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1158(b)(1)(B)(i); 1231(b)(3)(A). Persecution that occurs "solely on account of an economic motive" does not bear the required nexus to a protected ground. *Baballah v. Ashcroft*, 367 F.3d 1067, 1075 n.7 (9th Cir. 2004). In Mr. Puerto-Cerrato's hearing before the IJ, he stated that he believed the extortion he suffered at the hands of gang members was motivated by the gang's desire "to get money." The IJ found that the "sole" reason the gang had

extorted Mr. Puerto-Cerrato was for its own financial profit, and that the record showed "[n]o nexus" between any alleged harm and a protected ground. The BIA agreed, writing that "the gangs were motivated only to contact this respondent to enrich its coffers." In their opening brief to this Court, Petitioners offer no rebuttal to the finding that the gangs acted on financial motives, nor any counterargument illustrating a nexus between their harm and a protected group. The record amply supports the IJ and BIA's conclusion, which is dispositive on Petitioner's asylum and withholding of removal claims. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (concluding that lack of nexus defeated asylum and withholding of removal claims).

Petitioners raise various objections to the IJ and BIA's analysis of their arguments that they have a well-founded fear of future persecution, which the Court declines to reach. An agency's error is harmless when it has had no bearing on the outcome. *See Kazarian v. USCIS*, 596 F.3d 1115, 1119 (9th Cir. 2010). Petitioners cannot prevail on their asylum and withholding of removal claims without establishing a nexus to a protected ground, which the IJ and BIA correctly determined was lacking. That deficiency independently forecloses relief, so any

error by the IJ or BIA with respect to Petitioners' fear of future persecution did not result in prejudice to Petitioners.

2. Substantial evidence also supports the IJ and BIA's denials of CAT relief because Petitioners did not establish that the police or other public officials of Honduras were likely to acquiesce to Petitioners' torture. *See* 8 C.F.R. § 208.18(a)(1). The agency considered Petitioners' argument that Honduran police are corrupt and entangled with the gangs. But a "general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). The IJ concluded that Petitioners failed to establish that the police or other government officials of Honduras were likely to acquiesce to the gangs' extortion of Petitioners, let alone to their torture. The BIA agreed. Nothing in the record compels the conclusion that such consent or acquiescence exists or would exist.

**PETITION FOR REVIEW DENIED.**

24-1342